# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| VALERIE SPAIN,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 2:15-CV-336-JEM<br>) |
| CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Valerie Spain on April 2, 2015, and Plaintiff's Opening Social Security Brief [DE 14], filed by Plaintiff on December 22, 2015. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On March 29, 2016, the Commissioner filed a response, and on April 12, 2016, Plaintiff filed a reply. For the following reasons, the Court denies Plaintiff's request for remand.

## I.    Procedural Background

On November 14, 2012, Plaintiff filed an application for a period of disability and for disability insurance benefits with the U.S. Social Security Administration ("SSA"). Plaintiff claimed disability beginning March 22, 2011. Plaintiff's application was denied initially and upon reconsideration. On April 3, 2014, Administrative Law Judge ("ALJ") Angelita Hamilton held a video hearing at which Plaintiff, with counsel, appeared at a video hearing, and a vocational expert ("VE") testified. On April 16, 2014,the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant did not engage in substantial gainful activity from her alleged onset date of March 22, 2011, through her date last insured.

3. The claimant had the following medically determinable impairments: cervical spondylosis, degenerative changes in her lumbar spine, pancreatitis, proctitis, gastritis, impairments of the gallbladder, depression, and anxiety.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments.

5. The claimant was not under a disability as defined in the Social Security Act from October 10, 2012, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Facts

Plaintiff has been diagnosed with fibromyalgia, cervical spondlyosis, a thyroid condition, depression, and anxiety. In August 2011, blood tests were positive for antinuclear antibodies, one indicator of a potential autoimmune disease, and in September 2011 a colonoscopy revealed chronic active inflammation of her rectal colon possibly caused by inflammatory bowel disease. In July 2013, she was diagnosed with seronegative spondyloarthritis.

**III.     Standard of Review**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

4

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If not, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if not, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's RFC, age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 886; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

**IV.** **Analysis**

Plaintiff argues that the ALJ erred in finding that Plaintiff did not suffer from any severe impairments at step two of his analysis and that he failed to properly evaluate the medical and mental health opinions in the record. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

"When a claimant produces evidence of an impairment, a determination of non-disability at step two is proper only when the medical evidence 'establishes only a slight abnormality or

combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" *Wolms v. Barnhart*, 71 F. App'x 579, 581 (7th Cir. 2003) (quoting *McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir.1986)). "When evaluating the severity of an impairment, the ALJ assesses its functionally limiting effects by evaluating the objective medical evidence and the claimant's statements and other evidence regarding the intensity, persistence, and limiting effects of the symptoms." *Thomas v. Colvin*, No. 15-2390, – F.3d –, 2016 WL 3439015, at *5 (7th Cir. June 22, 2016). The ALJ's severity determination at Step Two is "a threshold requirement," *Castile v. Astrue*, 617 F.3d 923, 926-27 (7th Cir. 2010) (quotation omitted), or "a de minimis screening for groundless claims." *Thomas*, 2016 WL 3439015, at *5. The ALJ's Step Two analysis must be supported by substantial evidence. *Garmon v. Apfel*, 210 F.3d 374 (7th Cir. 2000).

In this case, the ALJ noted that Plaintiff suffered from medically determinable impairments, but found that there was no evidence in the record that any of the impairments caused limitations in her ability to work prior to her date last insured. Plaintiff argues that the ALJ relied on the date of diagnosis to dismiss the limiting effects of Plaintiff's arthritis and fibromyalgia prior to her date last insured and erred in the weight given to physician statements. The Commissioner argues that the ALJ adequately explained the weight given to the opinions of the physicians.

"Under SSR 83-20, an ALJ must consider three factors when determining the onset date of disabilities of a nontraumatic origin: (1) the claimant's alleged onset date; (2) the claimant's work history; and (3) medical and all other relevant evidence." *Briscoe*, 425 F.3d at 352. When considering these factors, the primary concern is the medical evidence, and if there is no "medical evidence establishing the precise date an impairment became disabling," then "the ALJ must 'infer

6

the onset date from the medical and other evidence that describe the history and symptomatology of the disease process' and should seek the assistance of a medical expert to make this inference." *Briscoe*, 425 F.3d at 352 (quoting SSR 83-20, 1983 WL 31249, at *2 (Jan. 1, 1983)).

Plaintiff alleged an onset date of March 22, 2011, and had no earnings after 2010. Plaintiff argues that her medical history and complaints to her doctors show that she had been suffering at least from inflammatory arthritis since August 2011. In particular, Plaintiff emphasizes the opinions of treating physicians Dr. Smith and Dr. Reddy. The ALJ gave little weight to the opinions of Drs. Smith and Reddy because they did not start treating Plaintiff until at least six months after her date last insured, and because they based "their opinions, at least in part, on the claimants's fibromyalgia, a condition that was not even diagnosed or treated prior to the claimant's date last insured." AR 17. As the Commissioner points out, neither of them began treating Plaintiff until after her date last insured, and did not complete any forms opining on disability until spring of 2013. Dr. Reddy completed a medical source statement on March 20, 2013, indicating that she first began treating Plaintiff on June 5, 2012. She indicated that as of March 20, 2013, Plaintiff's pain went back three to four years, and described Plaintiff's limitations in 2013, opining that her fibromylagia had been severe since at least December 31, 2011. Similarly, Dr. Smith, Plaintiff's treating rheumatologist, completed a residual functional capacity questionnaire on April 10, 2013, and reported that she began treating Plaintiff in September, 2012. She indicated that Plaintiff's impairments had been experienced at the reported level of severity since December 31, 2011.

Even the records that Plaintiff points to in her brief as evidence that Plaintiff suffered from severe impairments prior to December 31, 2011, do not include any clear indication that her symptoms cause severe limitations on her ability to work as early as March, 2011. She points to

7

tests in August and September, 2011, that were positive for antinuclear antibodies and chronic active inflammation in her rectum, as well as physician records that include complaints of pain that had persisted for several years. Dr. Reddy diagnosed Plaintiff with inflammatory arthritis in June, 2012, more than a year after her onset date. Plaintiff was not diagnosed with spondylarthropathy until July 2013. In April 2013, Dr. Smith opined that Plaintiff had been suffering from symptoms from spondylarthropathy since at least December 31, 2011, but there is no diagnosis until several months after Plaintiff's date last insured, nor is there any contemporaneous medical opinion indicating the severity of Plaintiff's impairments.

Plaintiff also argues that the ALJ erred in failing to consider the evidence of Dr. Freeman, who reviewed Plaintiff's file at her request. He concluded that her impairments met the relevant listings since March 22, 2011, and that her arthritis had been medically severe by 2009. The ALJ did consider Dr. Freeman's opinion, but gave it little evidentiary weight, finding it "inconsistent with the record as a whole" and explaining exactly what parts of the record were inconsistent with his conclusions. AR 18. In particular, the ALJ pointed to specific medical record that contradicted Dr. Freeman's opinions, and noted that even Dr. Freeman mentioned the gap in salient medical documentation between October of 2009 through August of 2011.

This is not one of the cases where there is significant medical evidence that is ignored by the ALJ or impermissibly discounted on the basis of an ALJ's own medical opinions. Unlike the ALJ in *Briscoe*, the ALJ consulted with medical records as well as other areas of evidence, including Plaintiff's alleged onset date and last date of employment, and gave clear reasons for her conclusion that Plaintiff was not suffering from a severe impairment prior to her date last insured.

Plaintiff argues that the ALJ should have given more weight to Plaintiff's own description of her onset date, and erred failing to adequately consider the non-medical factors relevant to credibility.

The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

> (i) [The claimant's] daily activities;
> (ii) The location, duration, frequency, and intensity of [] pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv)The type, dosage, effectiveness, and side effects of any medication . . . ;
> (v) Treatment . . . for relief of [] pain or other symptoms;
> (vi) Any measures . . . used to relieve your pain or other symptoms . . . ; and
> (vii) Other factors concerning [] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3). An ALJ is not required to give full credit to every statement of pain made by the claimant or to find a disability each time a claimant states he or she is unable to work, but "must 'consider the entire case record and give specific reasons for the weight given to the individual's statements.'" *Shideler v. Astrue*, 688 F.3d 306, 311 (7th Cir. 2012) (quoting *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir.2009)).

The ALJ considered Plaintiff's claims and compared them with the medical records, noting several occasions when her reports to her physicians and their notes of her actual limitations during the relevant time period did not match up with what she is now claiming. Plaintiff argues that the ALJ failed to consider other factors relevant to credibility, but the ALJ considered Plaintiff's activities of daily living, her friend's report in completed January 22, 2013, about Plaintiff's limitations at that time, what kind of treatment Plaintiff sought over time, and gave specific reasons

9

for each claim of Plaintiff's that she did not find to be completely credible.

Although Plaintiff's symptoms began prior to December 31, 2011, her date last insured, the ALJ did not ignore any evidence in the record, medical or otherwise, that indicated that she was suffering a severe impairment within the meaning of the Social Security Act prior to that time. The ALJ's analysis at Step Two was supported by substantial evidence, so remand is not appropriate.

**V.     Conclusion**

Based on the foregoing, the Court hereby **DENIES** the relief requested in Plaintiff's Opening Social Security Brief [DE 14] and **AFFIRMS** the Commissioner of Social Security's final decision.

SO ORDERED this 22nd day of August, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record